**SCOTTSDALE CITY ATTORNEY'S OFFICE**
3939 North Drinkwater Boulevard
Scottsdale, Arizona  85251
(480) 312-2405 (T)
(480) 312-2548 (F)
Lori S. Davis (SBN: 027875)
legal@scottsdaleaz.gov
**Attorneys for Defendants**

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala;<br><br>        Plaintiff,<br><br>vs.<br><br>City of Scottsdale and Ken Flint;<br><br>        Defendants. | Case No.: CV-17-2449-PHX-DLR<br><br>**DEFENDANTS' MOTION TO DISMISS** |

Defendants City of Scottsdale and Ken Flint ("City Defendants") hereby move to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

City Defendants certify that they have complied with Court's standard Order (Doc. 6) and attempted to confer in good faith with the *pro se* Plaintiff to determine whether the instant motion could be avoided.  *See* Letter from Davis to Petramala of 9/28/17 (*attached hereto as **Exhibit A***); *see also* Letter from Petramala to Davis of 10/1/17 (*attached hereto as **Exhibit B***); *see also* Letter from Petramala to Scottsdale City Clerk of 10/1/17 (purporting to be a Notice of Claim) (*attached hereto as **Exhibit C***); *see also* Letter from Davis to Petramala of 10/24/17

15955510v1                                           1

(*attached hereto as **Exhibit D***) and Letter from Petramala to Davis of 10/28/17 (*attached hereto as **Exhibit E***). However, as the attached correspondence reflects, the parties were unable to arrive at an agreement regarding whether the defects in Plaintiff's pleading could be cured by amendment. Plaintiff Petramala asserts that his rights have been violated in 2017 simply by virtue of the alleged continuing harm from actions which completed in 2004.[1] Plaintiff's continuing tort theory, however, lacks merit.

Because the deficiencies in Plaintiff's First Amended Complaint are based upon absolute prosecutorial immunity, the expiration of the statutes of limitation, and Plaintiff's failure to comply with the mandatory notice of claim requirements, City Defendants submit that amendment of the First Amended Complaint would be futile, and dismissal with prejudice is appropriate.

## **12(b)(6) STANDARD**

In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal

---

[1] Petramala claims "[i]n 2017 and continuing until the present, Scottsdale failed to appoint a NICS psychologist…and a NICS removal attorney … for NICS removal. Scottsdale filed a criminal case against Petramala without probable cause and caused the case to be dismissed leading to actionable NICS removal transactions in 2017 resulting in civil rights deprivations and contractual breaches. . . ." *See **Exhibit C***. However, there is no duty for Scottsdale to appoint a NICS psychologist or attorney under the NICS Improvement Amendments Act or otherwise, and as Plaintiff admits, the originating event was the dismissal of his case which

quotations omitted).  Under Rule 12(b)(6), all factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994).  Dismissal is appropriate if the facts alleged do not state a claim that is "plausible on its own face." *Twombly*, 550 U.S. at 570.   A complaint must be supported by specific non-conclusory factual allegations sufficient to support a finding that the claims are more than merely possible, they are plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If amendment of the Complaint would be futile, no leave to amend need be given. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

## MOTION TO TAKE JUDICIAL NOTICE

Pursuant to Rule 201, *Fed.R.Evid.*, the Court may take judicial notice of facts that are "not subject to reasonable dispute because [they are] generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Fed.R.Evid.* 201(b).   The Court also may take judicial notice of public records without converting the motion to dismiss into one for summary judgment.  *See Phoenix Newspapers, Inc. v. Ellis*, 159 P.3d 578, 582 (Ariz. Ct. App. 2007) (notice of claim is public record); *Mitchell v. City of Flagstaff,* No. CV 11-8140-PCT-FJM, 2011 WL 5826014, at *1 (D. Ariz. Nov. 18, 2011) (taking judicial notice of notice of claim as being central to state law claims because they are barred unless notice properly filed); *Pataky v. City of Phoenix*, No. 2:09-cv-0534-HRH, 2009 WL 10673403, at *4 n.9 (D. Ariz. Oct.30, 2009) (consideration of notice of claim does not

---

occurred in 2004.  *See* NICS Improvement Amendments Act of 2007, P.L. 110-180.  As such, Plaintiff has failed to state a claim upon which relief may be granted.

1 convert a motion to dismiss into a motion for summary judgment). The Court may also
2 "consider a writing referenced in a complaint but not explicitly incorporated therein if the
3 complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*,
4 476 F.3d 756, 763 (9th Cir. 2007).

## PLAINTIFF'S ALLEGATIONS

6 Pursuant to 42 U.S.C. § 1983, Plaintiff claims violations of his Second and Fourteenth
7 amendment rights. First Amended Complaint at 1:19-20, 2:24-3:5. Plaintiff also brings a claim
8 for malicious prosecution and alludes to negligence claims as well. *Id*. at 1:23-24, 2:14, 3:10-
9 18. Specifically, Plaintiff alleges that on July 7, 2003 "a Scottsdale prosecutor" filed CR2003-
10 19492, a criminal case against Plaintiff. *Id*. at 2:-13. Plaintiff then alleges that defendant Flint
11 "sought to have the charges against Petramala dismissed by way of case CR2004-019118-001"
12 and that the case was dismissed on September 14, 2004. *Id*. at 2:14-15, 23. Plaintiff insists that
13 the City "filed a bogus case against Petramala, which was dismissed and Petramala thereinafter
14 was entered on NICS due to the dismissal." *Id.* at 3:11-13. Plaintiff claims that he has "an
15 ongoing injury in fact of [his] Second and Fourteenth Amendment civil rights occurred and
16 continues to occur presently accruing each day due to Flint and Scottsdale violating Petramala's
17 civil rights by placing him on NICS with no agreed on removal date." *Id.* at 2:23-3:2. Plaintiff
18 further claims that the continuing tort doctrine applies to his malicious prosecution claim as
19 well, and bases the facts of his malicious prosecution claim upon the 2004 dismissal. *Id*. at
20 3:12-17.
21 //

**GUARDIANSHIP AND CONSERVATORSHIP OF MR. PETRAMALA**

Pursuant to the undersigned's duty of candor to the Court particularly with regard to the argument herein regarding the expiration of applicable statutes of limitations, the undersigned must advise the Court that Mr. Petramala was found to be "criminally incompetent" by Order entered September 14, 2004 in CR2004-019118.  *See* Order of 9/14/04 (*attached hereto as **Exhibit F***).  Although not specifically set forth on the face of the Complaint, this is the reason Mr. Petramala was added to the NICS database.  Mr. Petramala also has a long history of filing lawsuits regarding his placement in the NICS database.  *See* Court Case List – Michael Petramala (with NICS matters highlighted in yellow, and citations to opinions setting forth procedural history of Mr. Petramala's legal history also noted therein) (*attached hereto as **Exhibit G***).  This litigious history has led to his being named a vexatious litigant in Maricopa County Superior Court.  *See* Administrative Order No. 2005-184 (*attached hereto as **Exhibit H***).

Mr. Petramala was appointed a Guardian and Conservator by Order entered February 15, 2007. *See* Order of 2/15/07 Appointing Guardian and Conservator and 2/15/07 Appointment of Guardian and Conservator for an Adult (*collectively attached hereto as **Exhibit I***).  Mr. Petramala's Petition to Modify his Limited Guardianship was denied by Order entered February 12, 2010.  *See* Order of 2/12/10 (*attached hereto as **Exhibit J***).  Mr. Petramala's Limited Guardianship was continued by Order entered July 8, 2010.  *See* Order of 7/8/10 (*attached hereto as **Exhibit K***).  Mr. Petramala's Guardianship was terminated on August 14, 2012 when Mr. Petramala moved to King County, Washington.  *See* Minute Entry dated 8/14/12 (*attached*

*hereto as* **Exhibit L**). Pursuant to Rule 201, *Fed.R.Evid*, the Court may take judicial notice of these public documents and Mr. Petramala's legal case history.

*Arguendo*, to the extent Mr. Petramala potentially was incapacitated to toll the running of the statutes of limitation, such tolling would be nullified upon the appointment of a guardian. As the appointments of guardians lasted well over the running of the applicable statutes of limitation, Mr. Petramala's action is time barred notwithstanding any potential incapacitation of Mr. Petramala.

## **ARGUMENT**

### I.

### Defendant Flint is Entitled to Absolute Prosecutorial Immunity

Defendant Flint is entitled to absolute immunity on all of Plaintiff's claims against him because he was acting as an advocate within the scope of his authority in a quasi-judicial capacity during the events alleged in Plaintiff's First Amended Complaint. *See State v. Superior Court (Ford)*, 921 P.2d 697, 700 (Ariz. Ct. App. 1996) (citing *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 (9th Cir. 1989)). This includes those activities with some connection to the general matters committed to the prosecutor's control or supervision, and those that are intimately associated with the judicial process. *Id*. "Absolute immunity is warranted when the prosecutor acts as an advocate in initiating a prosecution and presenting the state's case," even when the "prosecutor has knowledge that the charge is baseless." *Id*. (emphasis added); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that "in

initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

All of the allegations against Defendant Flint in Plaintiff's First Amended Complaint relate to his participation in the criminal prosecution against Plaintiff. Specifically, Plaintiff alleges that Defendant Flint: was employed by the City of Scottsdale as an assistant city attorney assigned to Plaintiff's case (First Amended Complaint, Doc. 10, at 1:21-23); that "Flint had absolutely no evidence Petramala made any outgoing calls on March 20, 2003" (*Id*. at 2:5-6); "Flint sought to have the charges against Petramala dismissed by way of case CR2004-019118-001 in order to deflect liability and draw attention away from Scottsdale's wrongful filing of the case without probable cause" (*Id*. at 2:14-17); "Flint paid for a psychologist to issue a report" (*Id*. at 2: 17); "Flint and Scottsdale violating Petramala's civil rights by placing him on NICS with no agreed on removal date" (*Id*. at 3:1-2); and "Flint failed to appoint a NICS psychologist" (*Id*. at 3:6).

In other words, Plaintiff alleges that Defendant Flint improperly initiated prosecution and then continued prosecution for an improper purpose – conduct that clearly constitutes "act[ing] as an advocate in initiating a prosecution and presenting the state's case." *See Ford*, 921 P.2d at 700. Defendant Flint is entitled to absolute immunity. *Id*.; *see also Lacey v. Maricopa County*, 693 F.3d 896, 913 (9th Cir. 2012) ("Prosecutors are absolutely immune from liability for the consequences of their advocacy"). Because Plaintiff's claims against Defendant Flint cannot be cured by amendment, they must all be dismissed with prejudice. *See Gardner,* 563 F.3d at 990.

//

II.

Plaintiff's State and Federal Claims Are Precluded
Pursuant to the Expiration of the Statute of Limitations

The statute of limitations for a federal claim brought pursuant to 42 U.S.C. § 1983 in Arizona is two years. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) (courts examining claims brought under 42 U.S.C. § 1983 borrow the statute of limitations for personal injury actions of the forum state); *see also Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) (Arizona courts apply a two-year statute of limitations to § 1983 claims) (citing A.R.S. § 12–542); *Nolde v. Frankie*, 192 Ariz. 276, 279, 964 P.2d 477, 480 at ¶11 (1998) (personal injury statute of limitations is two years, commencing on the date the action accrues). Claims against a governmental entity or employee must be filed within one year. A.R.S. § 12-821. A malicious prosecution claim accrues when "the prior proceedings have terminated in the accused's favor, including any pending appeal that could lead to further proceedings." *Donahoe v. Arpaio*, 986 F.Supp.2d 1091, 1108 (D. Ariz. 2013) (quoting *Ekweani v. Maricopa Cnty. Sheriff's Office, Case No*. CV-08-01551-PHX-FJM, 2010 WL 2079773, *6 (D. Ariz. May 24, 2010)); *see also Glaze v. Larsen*, 207 Ariz. 26, 29 (2004); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action.") (internal citations, quotations, and alterations omitted).

A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (analyzing, *inter alia*, statute of limitations claims in §

1983 claim); *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995).  The mere continuing impact from a past violation is not actionable under the continuing violation doctrine.  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  The continuing tort doctrine applies only where there is 'no single incident' that can 'fairly or realistically be identified as the cause of significant harm.' *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002); *see also L.F. v. Donahue*, 186 Ariz. 409, 413, 923 P.2d 876, 880 (Ct. App. 1996) (continuing tort rule does not apply where each claimed act is a separate assault causing separate as well as cumulative injury).

Here, per the First Amended Complaint, the dismissal of the "bogus criminal case" in 2004 is the last possible single incident that can be identified as the cause of harm and which would start the clock on the statute of limitations on Plaintiff's claims.  The continuing tort doctrine does not apply to Plaintiff's claims.  Plaintiff filed the instant First Amended Complaint on August 23, 2017.  Based upon Plaintiff's allegations, the statutes of limitations have long since expired for all of Plaintiff's claims, state and federal.  As such, the First Amended Complaint should be dismissed with prejudice as time barred.

### III.

### Plaintiff's State Law Claims Are Precluded Because Plaintiff Failed to Timely File and Serve a Proper Notice of Claim

Beyond the statute of limitations issue, Plaintiff's state law claims also fail because Plaintiff did not properly file and serve a proper notice of claim.  The "notice of claim statute," A.R.S. § 12-821.01(A), provides as follows:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

It is mandatory for plaintiffs to comply with this statute. *See, e.g.*, *Barth v. Cochise County*, 213 Ariz. 59, 64, 138 P.3d 1186, 1191 (2006). Even actual notice or substantial compliance does not excuse failure to comply with all the requirements of the statute. *Id.*; *see also Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, 152 P.3d 490, 493 (2007). Strict compliance is required. *Id.* As Plaintiff did not timely file or serve a valid notice of claim, all state law claims must be dismissed with prejudice.

## IV.

### Plaintiff's First Amended Complaint Contains Conclusory Allegations and Insufficient Facts

Beyond the dispositive statute of limitations and notice of claim issues, Plaintiff has also failed to state a claim upon which relief can be granted on the merits. First, the First Amended Complaint fails to contain specific non-conclusory factual allegations sufficient to support a finding that the claims are plausible. *See Iqbal*, 556 U.S. at 678. No facts are provided regarding the 2003 charges or 2004 dismissal to indicate a plausible claim.

Plaintiff further claims that his Second and Fourteenth Amendments were violated when he was placed on the NICS with no agreed removal date. *See* First Amended Complaint at

2:24-3:2. Plaintiff further claims that the City Defendants failed to appoint a NICS psychologist to remove him from the NICS pursuant to the "NICS Improvement Act of 2007" and A.R.S. § 13-925. *Id*. at 3:6-7.

The "NICS" is the National Instant Criminal Background Check System. This federal system requires that licensed firearms dealers may not lawfully transfer a firearm to any person whom he knows or should know (1) is under indictment for, or has been convicted of, a felony; (2) is a fugitive from justice; (3) is an illegal user of controlled substances; (4) is an illegal alien; (5) has been dishonorably discharged from the military; (6) has renounced U.S. citizenship; or (7) is or has been adjudicated mentally defective. 18 U.S.C. § 922(d). The NICS does not require a "agreed removal date." *See id.* The NICS Improvement Amendments Act of 2007 does not require the appointment of a psychologist or attorney. *See* P.L. 110-180.

Plaintiff provides no facts in his First Amended Complaint to indicate why he has been denied the right to possess firearms or by whom. Plaintiff does not allege that the City or prosecutor Flint issued an Order to deny Plaintiff the right to possess firearms. Plaintiff merely states, in conclusory fashion, that the "City of Scottsdale filed a bogus criminal case against Petramala, which was dismissed and Petramala thereinafter entered on NICS due to the dismissal." *See* First Amended Complaint at 3:11-12. Under what circumstances could the dismissal of a criminal case result in Plaintiff being entered into the NICS database? Plaintiff fails to allege those necessary facts to make his allegations withstand scrutiny under *Twombly* and *Iqbal*.

Further, it is the Plaintiff's burden to petition for the restoration of his gun rights pursuant to A.R.S. § 13-925 and 18 U.S.C. § 925. Neither of the City Defendants have a duty to provide that relief to the Plaintiff. The Plaintiff must prove to a court that he will not be likely to act in a manner dangerous to public safety or contrary to the public interest. *See* 18 U.S.C. § 925(c). Under the Arizona statute, the State's only burden is to provide Petramala's criminal history records to the Court, in the event Petramala petitions for a restoration of his right to possess a firearm. *See* A.R.S. § 13-925(C). Further, there is no duty for the City Defendants to appoint "a NICS psychologist to remove Petramala from NICS." *See* First Amended Complaint at 3:6-7; *see also* A.R.S. § 13-925 and 18 U.S.C. § 925.

## CONCLUSION

Accordingly, because the face of the First Amended Complaint establishes that the statute of limitations has long been expired for all of Plaintiff's claims, Plaintiff's First Amended Complaint must be dismissed with prejudice. Additionally, as Plaintiff failed to timely file and serve a proper notice of claim, all claims based on Arizona law must also be dismissed with prejudice. Amendment would be futile under the circumstances.

DATED this 30th day of October, 2017.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By: /s/ Lori S. Davis
Lori S. Davis, Senior Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing, and mailed a copy to:

HONORABLE DOUGLAS L. RAYES
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 526
401 West Washington Street, SPC 79
Phoenix, AZ 85003-2162

Michael Petramala
P.O. Box 60222
Phoenix, AZ 85082
Plaintiff

By:   /s/ Brittany Leonard
    Employee of the Scottsdale City
    Attorney's Office.

15955510v1                    13