Michael Petramala
Post Office Box 60222
Phoenix, Arizona 85082

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL PETRAMALA, | NO CV-17-2449-PHX-DLR |
| Plaintiff, | PLAINTIFF'S SECOND AMENDED COMPLAINT |
| v | |
| CITY OF SCOTTSDALE AND KEN FLINT, | |
| Defendants | |

## JURISDICTION

This action arises out of a federal question and subject matter jurisdiction, and a claim for damages and injunctive relief against defendants for civil rights violations and pendent state law torts See 28 U.S C § 1331

## COMPLAINT

Count I – Abridgment of Second and Fourteenth Amendment rights in violation of 42 U S C § 1983

The City of Scottsdale is a city located in the State of Arizona, hereinafter referred to as "Scottsdale" Scottsdale employs Ken Flint[1], hereinafter referred to as "Flint" as an assistant city attorney assigned to Petramala's case Scottsdale negligently hired and negligently supervised Flint and is legally responsible under the respondeat superior legal theory of liability

---

[1] Flint has a reputation as a vexatious prosecutor by among other things destroying *Brady* evidence See http //www ripoffreport com/reports/scottsdale-court-prosecutor-ken-flint/scottsdale-arizona-85251/scottsdale-court-prosecutor-ken-flint-prosecutor-withholds-evidence-against-defendants-wh-700662

-1-

On July 7, 2003, a Scottsdale prosecutor administratively filed[2], without reading the police report, and without probable cause, case CR200319492 alleging a violation of A R S § 13-2810(A)(2), a non-domestic violence, non-violent, misdemeanor with a $500 fine only requested and no jail time requested by Scottsdale  In fact, Petramala had a restraining order against the alleged victim and that Scottsdale had absolutely no evidence Petramala made any outgoing calls on March 20, 2003

The 9th Circuit also has established precedent in *Stapley v. Pestalozzi* 733 F 3d 804 (2013)  that prosecutors do not have immunity for their actions in civil cases not connected with the criminal phase of a case  Here, NICS removal is a civil case not connected with the criminal phase of the underlying misdemeanor previously dismissed.  Moreover even the criminal phase misdemeanor case against Petramala was brought without probable cause in an egregious constitutional deprivatory manner within the meaning of exceptions to prosecutorial immunity delineated in *Stapley*.

Petramala has continuing civil rights violations persisting throughout 2017 and within the statute of limitations in this case because Petramala still is wrongfully on NICS and still has not been removed from NICS in accordance with his due process rights  Clearly multiple incidents caused significant harm to Petramala throughout 2017 including failure to appoint a NICS removal psychologist, failure to appoint a NICS removal attorney[3] and failure to have removed Petramala from NICS due to the unsigned non final Rule 11 not meeting the NICS listing requirements

Scottsdale routinely administratively and in an automated fashion[4] files computer generated complaints in its municipal court without reading the underlying police reports or engaging in prosecutorial review of the merits of the case or determining even if there is

---

[2] Flint is not entitled to prosecutorial immunity because he routinely files cases in an automated and administrative manner, and not under the scope of prosecutorial review by first reading and analyzing the police report to discern probable cause, if any.  Also NICS listing is outside the scope of traditionally protected prosecutorial activities
[3] NICS removal is a liberty interest pursuant to *Commonwealth v Brown*, 8 Pa Super 339 (1898) "The word 'liberty' as used in these constitutional declarations means more than freedom of locomotion  It includes and comprehends among other things freedom of speech, <u>the right of self defense against unlawful violence,</u> the right to live and work where he will, to earn his livelihood in any lawful calling, to pursue any lawful trade or avocation ."
[4] See LC2005-000530-001 DT *State v Zanoff*, "The State claims that Appellant was not only mailed a computer-generated complaint ."

-2-

probable cause Scottsdale's municipal justice scheme collects per year approximately $7,766,086 with only $4,742,649 in expenses leaving a net profit of $3,023,437 Since Scottsdale sought $500 from Petramala and no jail time, under the Sixth Amendment Petramala was not entitled to an appointed attorney in the criminal phase of the case

After realizing Scottsdale's negligence and malice in filing the case absent probable cause, Flint sought to have the charges against Petramala dismissed by way of case CR2004-019118-001 in order to deflect liability and draw attention away from Scottsdale's wrongful filing of the case without probable cause and generalized pattern of extreme government misconduct against Petramala Flint paid for a psychologist to issue a report that Petramala was either unable to understand his case or assist in his pro se defense and unable to be restored to assist in his pro se defense in the time frame allowed It should be noted that the time frame allowed in this calculation is the maximum time a defendant faces in jail if convicted Thus, since Petramala was facing only a fine, there was a zero day maximum jail sentence, if convicted, and the maximum restoration time was zero days

After the case was dismissed on September 14, 2004, an ongoing injury in fact of Petramala's Second and Fourteenth Amendment civil rights occurred and continues to occur presently accruing each day due to Flint and Scottsdale violating Petramala's civil rights by placing him on NICS with no agreed on removal date Moreover the Arizona Rules of Criminal Procedure Rule 11 unsigned minute entry Flint persisted throughout 2017 to use in keeping Petramala on NICS was never even signed and therefore is not a valid final signed order for NICS purposes pursuant to *State v. Birmingham*, 96 Ariz 109

Scottsdale has no viable reason and certainly no evidence whatsoever to keep Petramala on NICS in 2017 Case law supports that Scottsdale failed to remove Petramala in NICS in 2017 because Scottsdale erroneously entered or maintained Petramala on NICS in 2017 in violation of *State v. Buchanan*, 924 A 2d 422 (see also *United States v. Hansel*, 474 F 2d 1120) and also because the order was not a final signed order and therefore not effective for NICS purposes under *State v. Birmingham*, 96 Ariz 109 (1964)

1  Scottsdale unconstitutionally violated Petramala's civil rights throughout 2017 up to the
2  present date by not agreeing to a NICS removal date in 2017.
3  In 2017 and continuing until the present, Scottsdale failed to appoint a NICS psychologist
4  (violating *Little v. Streater*, 452 U.S. 1, 16-17 (1981)) and a NICS removal attorney (violating
5  *Commonwealth v. Brown*, 8 Pa. Super. 339 (1898)) for NICS removal pursuant to the NICS
6  Improvement Act of 2007 and A.R.S. § 13-925 as well as Congressional intent to remove non-
7  violent citizens from NICS evidenced by Public Law No. 115-8.
8  Furthermore in 2017 and to the present date Scottsdale is now unconstitutionally
9  requiring Petramala to prepay Scottsdale $398.50 in order to exercise NICS removal civil rights
10 notwithstanding the fact that NICS is perpetuating Petramala's poverty.
11 Scottsdale is clearly violating the holdings of *Boddie v. Connecticut*, 401 U.S. 371, 374
12 (1971) (holding that due process bars states from conditioning access to compulsory judicial
13 process on the payment of court fees); see also *Tucker v. City of Montgomery Bd. of Comm'rs*,
14 410 F. Supp. 494, 502 (M.D. Ala. 1976) (holding that the conditioning of an appeal on payment
15 of a bond violates prisoners' equal protection rights and "'has no place in our heritage of Equal
16 Justice Under Law'" (citing *Burns v. Ohio*, 360 U.S. 252, 258 (1959)). Also fees for NICS
17 removal cannot be charged under *M.L.B. v. S.L.J.*, 519 U.S. 102, 107 (1996), which prohibited
18 charging filing fees to persons seeking to appeal from proceedings terminating their parental
19 rights. Here, NICS removals must be granted without prepayment of fees, as well, especially in
20 light of the federal government paying the state government to process NICS removals without
21 charging Petramala.
22 Scottsdale is also violating Petramala federal rights in demanding $398.50 for NICS
23 removal because federal law pursuant to 42 U.S.C. § 407 protects all of Petramala's income.

Count II – Malicious Prosecution

25 The City of Scottsdale filed a bogus criminal case against Petramala, which was
26 dismissed and Petramala thereinafter entered on NICS due to the dismissal. Petramala re-alleges
27 the facts of Count I.
28

Case CR200319492 was filed wrongfully without probable cause and then dismissed. Petramala suffered continuing accruing damages under the continuing tort doctrine to be determined up until the day he is removed from NICS as the ongoing damages relating to the malicious prosecution accrue each day until Petramala is removed from NICS  Clearly, the nature of the tort alleged involves an ongoing tort violation of no single violations but multiple violations persisting throughout 2017  Petramala suffers damages to be determined at trial including but not limited to loss of employment rehabilitation entitlements and reputational harm

Flint has side-stepped the judicial process by initiating a criminal prosecution against Petramala without a preliminary hearing or grand jury finding probable cause and Flint has forfeited the protections the law offers to those who work within the process by which probable cause is independently determined, thereby abrogating absolute prosecutorial immunity under the holdings of *Stapley v. Pestalozzi*, 693 F.3d 896.

On October 1, 2017, Petramala sent a second written notice of claim and served it to the Scottsdale City Clerk pursuant to A.R S. § 12-821 01

**DEMAND**

Petramala demands immediate removal from NICS and/or the cost of a NICS psychologist to remove him form NICS and/or $3,000,000 in damages.

RESPECTFULLY SUBMITTED this 30th day of October, 2017.

By _____
Michael Petramala

Original filed and two copies.

Clerk
United States District Court District of Arizona
401 West Washington Street, Suite 130, SPC 1
Phoenix, Arizona 85003
602-322-7200

City of Scottsdale
3700 North 75th Street

1 | Scottsdale, Arizona 85251
2 | Fax  480-312-7795