**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala,<br><br>        Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>        Defendants. | No. CV-17-02449-PHX-DLR<br><br>**ORDER** |

      Before the Court is Defendants the City of Scottsdale and Ken Flint's motion to dismiss (Doc. 15), which is fully briefed (Docs. 19, 20). Defendants' motion is granted.

      When analyzing a complaint for failure to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.,* 610 F.3d 1103, 1108 (9th Cir. 2010). Nor is the court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face.

1 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

Plaintiff Michael Petramala brings claims pursuant to 42 U.S.C. § 1983 for violations of his Second and Fourteenth Amendment rights, and state law claims for negligence and malicious prosecution. He alleges that Flint, a Scottsdale city prosecutor, "filed a bogus case against" him that later was dismissed in September 2004. He also claims that his placement in the National Instant Criminal Background Check System ("NICS") as a result of a finding of criminal incompetence by the Maricopa County Superior Court violates his constitutional rights.

Plaintiff fails to state plausible claims to relief for several reasons. First, Plaintiff's allegations against Flint concern Flint's actions as a city prosecutor in initiating and prosecuting a case. Flint therefore is "entitled to absolute [prosecutorial] immunity against constitutional torts." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012). Second, because Plaintiff's claims accrued in 2004, when his criminal case was dismissed and he was placed in the NICS, they are facially barred by the one-year statute of limitations applicable to claims against governmental entities or employees and the two-year statute of limitations applicable to § 1983 claims in Arizona. A.R.S. § 12-821; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986). Third, Plaintiff's state law claims are barred because he did not timely file or serve Defendants with a notice of claim. A.R.S. § 12-821.01(A). Lastly, Plaintiff's complaint is devoid of factual allegations plausibly establishing that he was maliciously prosecuted or that his placement on the NICS was improper.

For these reasons,

//
//
//

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 15) is **GRANTED**. The Clerk of the Court shall terminate all remaining pending motions and close this case.

Dated this 6th day of September, 2018.

Douglas L. Rayes
United States District Judge